Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone:  (415) 268-2000
Facsimile:  (415) 268-1999
Email:      matt.jaksa@hro.com

Attorneys for Plaintiffs,
WARNER BROS. RECORDS INC.;
INTERSCOPE RECORDS; MAVERICK
RECORDING COMPANY; UMG
RECORDINGS, INC.; BMG MUSIC; and
VIRGIN RECORDS AMERICA, INC.

ORIGINAL FILED

07 SEP 20 PM 3: 46

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

C 07 4842 MJJ

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; MAVERICK RECORDING COMPANY, a California joint venture; UMG RECORDINGS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; and VIRGIN RECORDS AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOE #2,<br><br>Defendant. | CASE NO. _____<br><br>**EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY** |

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#32424 v1

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant John Doe # 2 ("Defendant"), who is being sued for direct copyright infringement.

2. As alleged in the complaint, Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

///
///
///
///
///
///
///
///

WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Dated: September 20, 2007

HOLME ROBERTS & OWEN LLP

By: _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
WARNER BROS. RECORDS INC.;
INTERSCOPE RECORDS; MAVERICK
RECORDING COMPANY; UMG
RECORDINGS, INC.; BMG MUSIC; and
VIRGIN RECORDS AMERICA, INC.